## Krystkiewicz's Estate

The facts appear from the adjudication of

NILES, P. J., nineteenth judicial district, specially presiding.—The decedent died on January 16, 1931, intestate, and letters of administration were granted to the accountants on January 30, 1931; proof of advertisement of the grant of letters was submitted to me and is attached.

The decedent was survived by a brother, Michael Cozinski, who resides in Poland, and a sister, Josefa Zaborowski. She was also survived by John Krystkiewicz, who claims as surviving husband.

The controversy in this estate concerns the claim of John Krystkiewicz as surviving husband of the decedent. He claims $5000 as surviving spouse, electing to take a part out of the personal and the balance from decedent's real estate, to appraise which he asks for appointment of appraisers.

Decedent's first husband, Dejewski, was the brother of Krystkiewicz's first wife, and by reason of that Mrs. Dejewski and he, the claimant, were in the habit of speaking of one another as sister-in-law and brother-in-law.

At the time of Mr. Dejewski's death the claimant, then a widower, lived as a boarder in the Dejewski home.

Krystkiewicz's claim is that, without marriage license or church ceremony, he became the second husband of Mrs. Dejewski by common-law marriage contract, followed by uninterrupted cohabitation and reputation to the time of her death.

The only testimony of the mutual promises was from the claimant. It was direct and specific, with a touch of romance of a certain kind.

He testified that his first wife had been dead for eighteen years, during which time he had lived with the Dejewskis; Mr. Dejewski was killed by a jitney January 2, 1922. Beginning two weeks after his death, his widow, this decedent, for about six months, kept talking to Krystkiewicz about marriage; they arranged to go down for a marriage license and go to the priest and get married, but she objected to the expense and he got angry and went to his room, she following and persuading him to return to the kitchen. Then came the dramatic climax of the wooing; she took a cross off the wall and told him to lay his hand on the cross, and she did the same, saying: "John, I am taking you as a husband and you take me as your wife," and they both kissed the cross and said, "from now on we will live like a husband and wife together." Thereafter they lived together as husband and wife, he giving to her all his pay, caring for her in sickness.

If the claimant is to be believed; his testimony evidenced a contract of marriage per verba de præsenti, followed by consummation, which in Pennsylvania amounts to a valid marriage.

Claimant's witnesses testified in corroboration as to the recognition of the relationship of husband and wife and reputation among relatives, neighbors and friends.

On behalf of decedent's sister and brother, there was testimony as to declarations and conduct of the decedent and claimant inconsistent with the claim.

Analyzing all the somewhat voluminous testimony, taking into consideration the elements of interest, manner, appearance of the witnesses and the probabilities of their testimony as tested by undisputed facts, we are forced by the preponderance of the evidence to the conclusion that the claimant was the lawful husband of decedent and is entitled to the rights he asserts as her surviving spouse. The evidence shows a legal contract of marriage, which may not be avoided by statements of either party, if made, which incidentally in seriousness, flippancy or for reasons of supposed temporary interest, might be inconsistent with the relation created by the contract and uninterrupted conjugal life in pursuance thereof.

The conclusions arrived at were supported by the decisions as we understand them, among others: Stine's Estate, 98 Pa. Superior Ct. 7; Murdock's Estate, 92 Pa. Superior Ct. 275; Brown v. Nolen et al., 298 Pa. 384; Ward's Estate, 296 Pa. 20; Craig's Estate, 273 Pa. 530.

*Byron Hancock* and *F. Gilman Spencer*, for exceptant.

*Erich O. Angermann*, contra.

GEST, J., October 21, 1932.—The auditing judge found as a fact that John Krystkiewicz was the lawful husband of the decedent and as such entitled to his share of her estate under the Intestate Act of June 7, 1917, P. L. 429. The case was fully heard by the auditing judge at three sessions of the court, when voluminous testimony was produced on both sides, and his findings of fact, like the verdict of a jury, will not be set aside except for errors clearly appearing, even

if another judge might possibly have arrived at a different conclusion: May's Estate, 11 Dist. R. 178. The judge who saw and heard the witnesses is far better qualified to determine their veracity, credibility and bias than the court in banc, which is necessarily confined to the reading of the notes of their testimony.

We have examined this voluminous record with care, aided by the arguments of counsel, and have arrived at the conclusion that the findings of the auditing judge were fully justified by the testimony. The exceptions are, therefore, dismissed and the adjudication confirmed absolutely.